```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------- X

STEPHANIE FOXWORTH,
                                                   CORRECTED
                                      Plaintiff,  SECOND AMENDED
                                                   COMPLAINT
          -against-

THE CITY OF NEW YORK; NYPD DET SGT.               JURY TRIAL DEMANDED
THOMAS GAGLIARDI; NYPD DET MICHAEL
MCCREADY; NYPD DETECTIVE JOHN VITALE;             19CV1956(WFK)(LB)
NYPD DET JASON LEVY; NYPD DET CRAIG
ROSENBERG; NYPD DET BRIAN RITTO; NYPD
P.O. JOHN/JANE DOES #1-10; the individual
defendant(s) sued individually and in
their official capacities,

                                     Defendants.

------------------------------------------- X
```

**PRELIMINARY STATEMENT**

1.   This is a civil rights action in which plaintiff seeks relief for the violation of her rights secured by the laws of the United States; 42 U.S.C. §§ 1983 and 1988; and the First, Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.  Plaintiff's claims arise from incidents that took place on or about June 29, 2016, December 12, 2016, February 8, 2017 and March 8, 2017.  During the incidents, the City of New York, and members of the New York City Police Department ("NYPD") subjected plaintiff to, among other things, unlawful search and seizure, excessive force, failure to intervene, and implementation and continuation of an unlawful municipal policy, practice, and custom.  Plaintiff seeks compensatory and punitive

damages from the individual defendants, compensatory damages from the municipal defendant, declaratory relief, an award of costs and attorney's fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

2.  Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3.  Venue is proper here pursuant to 28 U.S.C. § 1391 because some of the acts in question occurred in Queens County, and Queens County is subject to personal jurisdiction in the Eastern District of New York.

## PARTIES

4.  Plaintiff Stephanie Foxworth is an African American Female, who is a resident of the State of New York, Queens County.

5.  At all times alleged herein, defendant City of New York was a municipal corporation organized under the laws of the State of New York, which violated plaintiff's rights as described herein.

6.  At all times alleged herein, defendants NYPD Det. Sgt. Thomas Gagliardi; NYPD Det. Michael McCready; NYPD Det. Jason Levy; NYPD Det. Rosenberg; NYPD Det. Ryan Ritto; NYPD P.O. John/Jane Does #1-10 were New York City Police Officers employed with Narcotics District Queens South, located in Queens County,

New York or other as yet unknown NYPD assignment, who violated plaintiff's rights as described herein.

7. The individual defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

8. On or about June 29, 2016 at and in the vicinity of 110th Avenue and 156th Street, Queens County, New York, and Narcotics District Queens South, several police officers operating from Narcotics District Queens South, including, upon information and belief, defendants NYPD Det. Sgt. Thomas Gagliardi; NYPD Det. Michael McCready; NYPD Det. Jason Levy; and NYPD P.O. John/Jane Does #1-10, at times acting in concert, and at times acting independently, committed the following illegal acts against plaintiff.

9. On or about June 29, 2016, at approximately 3:30 p.m., at and in the vicinity of 110th Avenue and 156th Street, Queens NY, NYPD Det. Sgt. Thomas Gagliardi; NYPD Det. Michael McCready; NYPD Det. Jason Levy; and John/Jane Does #1-10 without either consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiff had committed a crime, committed excessive force upon and unlawfully searched plaintiff.

10. Plaintiff was driving her car, when defendants McCready, Levy and Gagliardi, while riding in an unmarked car, pulled her over.

11. Defendant Galgliardi, grabbed plaintiff, pulled her out of the car, and threw her to the ground and searched plaintiff.

12. Plaintiff asked for a female officer to search her, but her request was denied, and Defendant Gagliardi continued to search plaintiff.

13. Because of plaintiff's appearance, defendant McCready, willfully, and with the intent to harrass plaintiff, in violation of her right to free expression, refers to plaintiff using male pronouns, despite plaintiff's request to be referred to using female pronouns.

14. Plaintiff asked why she was being searched, and defendant Gagliardi told plaintiff that he was going to keep going until we find something and keep going until we make it stick, or words to that effect.

15. This unlawful activity continued until defendant Gagliardi received a radio call.

16. Defendants McCready and Levy were present, but did nothing to stop these illegal and unlawful acts.

17. On or about December 12, 2016 at and in the vicinity of 110th Avenue and 159th Street, Queens County, New

4

York, and Narcotics District Queens South, several police officers operating from Narcotics District Queens South, including, upon information and belief, defendants NYPD Det. Michael McCready; and John/Jane Does #1-10, at times acting in concert, and at times acting independently, committed the following illegal acts against plaintiff.

18. On or about December 12, 2016, at approximately 6:00 p.m., at and in the vicinity of 110th Avenue and 159th Street, Queens NY, NYPD Det. Michael McCready; and John/Jane Does #1-10 without either consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiff had committed a crime, committed excessive force upon and unlawfully stopped plaintiff.

19. Plaintiff was sitting in her parked car.

20. Defendant McCready, drove the car dangerously close to plaintiff, and verbally threatened to hit plaintiff with the car.

21. Defendant then told plaintiff "Pay Attention, stay out of the streets" or words to that effect.

22. Two other officers were present but failed to intervene to stop this unlawful, unconstitutional contact.

23. On or about February 8, 2017 at approximately 4:00 p.m. at and in the vicinity of 110th Avenue and Sutphin Blvd, Queens County, New York, and Narcotics District Queens

5

South, several police officers operating from Narcotics District Queens South, including, upon information and belief, defendants NYPD Det. Sgt. Thomas Gagliardi; NYPD Det. Rosenberg; NYPD Det. Brian Ritto; and NYPD P.O. John/Jane Does #1-10, at times acting in concert, and at times acting independently, committed the following illegal acts against plaintiff.

24. On or about February 8, 2017, at approximately 4:00 p.m., at and in the vicinity of 110th Avenue and Sutphin Blvd, Queens NY, NYPD Det. Sgt. Thomas Gagliardi; NYPD Det. Rosenberg; NYPD Det. Brian Ritto; and John/Jane Does #1-10 without either consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiff had committed a crime, committed excessive force upon and unlawfully searched plaintiff.

25. Plaintiff was driving her car.

26. Defendants Gagliardi, Rosenberg, and Ritto were driving an unmarked NYPD vehicle, when they stopped plaintiff.

27. Defendant Gagliardi, without probable cause that plaintiff committed a crime, pulled plaintiff out of her car and searched her.

28. Defendant Gagliardi then said, "I can't stand this bitch" or words that effect.

29. Defendants Rosenberg and Ritto were present, and witnessed these illegal unconstitutional acts, but failed to intervene.

30. Approximately 5 minutes later, after defendants Gagliardi, Rosenberg and Ritto searched plaintiff, NYPD police officers John/Jane Does # 1-10, in a Subaru Forester stopped plaintiff in her car, asked her for her license and registration, and let her go.

31. Later, plaintiff was searched again by officers in a marked police car, who searched plaintiff, and then let plaintiff go.

32. On or about March 8, 2017 at and in the vicinity of 111th Avenue and 155th Street, Queens County, New York, and Narcotics District Queens South, several police officers operating from Narcotics District Queens South, including, upon information and belief, defendants NYPD Det. Sgt. Thomas Gagliardi; NYPD Det. Rosenberg; NYPD Det. Ritto; and NYPD P.O. John/Jane Does #1-10, at times acting in concert, and at times acting independently, committed the following illegal acts against plaintiff.

33. On or about March 8, 2017, at approximately 4:30 p.m., at and in the vicinity of 111th Avenue and 156th Street, Queens NY, NYPD Det. Sgt. Thomas Gagliardi; NYPD Det. Rosenberg;

7

NYPD Det. Ritto; and John/Jane Does #1-10, committed excessive force upon plaintiff.

34. Plaintiff was a passenger in her car, while her boyfriend was driving.

35. Defendants Gagliardi, Ritto and Rosenberg followed plaintiff in an unmarked vehicle.

36. Defendants Gagliardi, Ritto and Rosenberg, without probable cause stopped the car that plaintiff was in.

37. Defendant Rosenberg, pulled up on the passenger side, and screamed for plaintiff to open the door.

38. Plaintiff was recording the illegal stop, with her phone.

39. Plaintiff opened the door as directed, and defendant Rosenberg pulled the phone out of plaintiff's hand, and threw the phone into the ground.

40. Defendant Rosenberg, then grabbed plaintiff's arm and placed it behind plaintiff's back.

41. Defendant Rosenberg then placed excessively tight handcuffs on plaintiff.

42. After plaintiff was handcuffed, defendant Rosenberg, kicked plaintiff's legs out from under her causing her to fall on the her shoulder,

43. Defendant Rosenberg then dragged plaintiff on the ground, causing further injury to her shoulder.

44. Plaintiff was then placed in a police car and taken to the 103rd precinct.

45. Once in the 103rd precinct, plaintiff asked defendants to loosen the handcuffs, but that request was denied.

46. Plaintiff complained that her arm was numb.

47. Det. Ritto asked plaintiff if defendant Gagliardi had a personal issue against plaintiff.

48. Defendant Gagliardi then uncuffed plaintiff.

49. Plaintiff's arrest was processed.

50. The defendants acted under pretense and color of state law and within the scope of their employment. Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of their rights.

51. As a direct and proximate result of defendants' actions, plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

52. Plaintiff is entitled to receive punitive damages from the individual defendants because the individual defendants' actions were motivated by extreme recklessness and indifference to plaintiff's rights.

53. The unlawful actions against plaintiff were also based on racial profiling.

## FIRST CLAIM

### (UNLAWFUL SEARCH AND SEIZURE UNDER FEDERAL LAW)

54. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

55. Defendants unlawfully stopped and searched plaintiff without cause, a warrant, or consent.

56. Accordingly, defendants are liable to plaintiff for unlawful search and seizure under 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

## SECOND CLAIM

### (UNREASONABLE FORCE)

57. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

58. The individual defendants' use of force upon plaintiff was objectively unreasonable.

59. The individual defendant officers did not have an objective and/or reasonable basis to use any degree of force against plaintiff, since plaintiff was unarmed, compliant, and did not resist arrest.

60. Those defendants who did not touch plaintiff, witnessed these acts, but failed to intervene and protect plaintiff from this conduct.

61. Accordingly, the defendants are liable to plaintiff for using unreasonable and excessive force, pursuant to 42 U.S.C. § 1983; and the Fourth Amendment to the United States Constitution.

### THIRD CLAIM

### (FAILURE TO INTERVENE)

62. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

63. Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights, but they failed to intervene.

64. Accordingly, the defendants are liable to plaintiff for failing to intervene to prevent the violation of plaintiff's constitutional rights.

### FOURTH CLAIM

### (MONELL CLAIM)

65. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

66. Defendant City of New York, through a policy, practice, and custom, directly caused the constitutional violations suffered by plaintiff.

67. Defendant City of New York through the NYPD and its officers, committed the following unconstitutional practices, customs, and policies against plaintiff: (1)

11

unlawfully stopping and searching innocent persons; (2) wrongfully arresting innocent persons in order to meet productivity goals; (3) wrongfully arresting individuals based on pretexts and profiling; (4) using unreasonable force on individuals; and (5) fabricating evidence against innocent persons.

68. Upon information and belief, defendant City of New York, at all relevant times, was aware that the defendants were unfit officers who have previously committed the acts alleged herein, have a propensity for unconstitutional conduct, or have been inadequately trained.

69. Nevertheless, defendant City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the individual defendants and improperly retained and utilized them. Moreover, upon information and belief, defendant City of New York failed to adequately investigate prior complaints filed against the individual defendants.

70. Further, defendant City of New York was aware prior to the incident that the individual defendants (in continuation of its illegal custom, practice, and/or policy) would stop, arrest, and prosecute innocent individuals, based on pretexts and false evidence.

71. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct involving the individual defendants, placing the defendant City of New York on notice of the individual defendants' propensity to violate the rights of individuals.

72. In addition to frequently violating the civil rights of countless residents of New York City, numerous members of the NYPD commit crimes. Officers have been arrested and convicted of such crimes as planting evidence on suspects, falsifying police reports, perjury, corruption, theft, selling narcotics, smuggling firearms, robbery, fixing tickets, driving under the influence of alcohol, vehicular homicide, assault, and domestic violence. In fact, former NYPD Commissioner Bernard Kerik was convicted of corruption-related crimes in federal and state courts and served time in federal prison. In 2011, Brooklyn South Narcotics Officer Jerry Bowens was convicted of murder and attempted murder in Supreme Court, Kings County, while under indictment for corruption and is presently serving a life sentence. In 2011, Police Officer William Eiseman and his subordinate Police Officer Michael Carsey were convicted of felonies in Supreme Court, New York County, for lying under oath, filing false information to obtain search warrants and performing illegal searches of vehicles and apartments. In

2012, New York City Police Officer Michael Pena was convicted in Supreme Court, New York County, of raping and sexually assaulting a woman at gunpoint and is presently serving a sentence of 75 years to life.

73. The foregoing customs, policies, usages, practices, procedures, and rules of the City of New York and the NYPD were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

74. The foregoing customs, policies, usages, practices, procedures, and rules of the City of New York and the NYPD were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

75. The City's failure to act resulted in the violation of plaintiff's constitutional rights as described herein.

**WHEREFORE**, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a.    Compensatory damages in an amount to be determined by a jury;

    b.    Punitive damages in an amount to be determined by a jury;

    c.    Costs, interest and attorney's fees, pursuant to 42 U.S.C. § 1988; and

   d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED: New York, New York
     FEBRUARY 4, 2020

             ADAMS & COMMISSIONG LLP,
             *Attorney for Plaintiff*
             65 Broadway Suite 715
             New York, New York 10006
             212-430-6590
             martin@amcmlaw.com
             By:

             _____
             MARTIN E. ADAMS, ESQ.